DOROTHY ILGENFRITZ, Respondent, v. MISSOURI PACIFIC RAILWAY CO. et al., CROW MOTOR CAR CO., Appellant.

Kansas City Court of Appeals, April 7, 1913.

1. AGENCY: Sale: Second Hand Automobile: Ratification. An agent for a nonresident automobile manfacturer sold to a purchaser a machine for $1200, which was to be shipped to the purchaser. The payment was to be $100 cash and an old machine taken in part payment for $1050, and $50 in cash on delivery. The machine was shipped and delivery refused un-

less the purchaser would pay $1100 in cash. Being unable to agree, the purchaser replevined the machine. The defense by defendant was a lack of authority in the agent to take a second-hand machine in part payment. But it being shown that the manufacturer, after knowledge of the particulars of the sale, as made by the agent, failed to disclaim his authority and continued to recognize him as agent, and for several days failed to offer a return of the $100 paid, this was *held* to have ratified the sale.

2. ———: ———: **Bill of Lading: Replevin.** If one purchases property to be shipped and delivered to him, and it is paid for according to contract, and upon arrival delivery is refused unless a bill of lading requiring different payment is paid, replevin will lie by the purchaser.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain*, Judge.

AFFIRMED.

*C. C. Kelly* for appellant.

(1) The contract of an agent in excess of his authority is void. Burks v. Stone, 65 Mo. App. 455. (2) An agent authorized to sell goods for cash has no authority to exchange them nor to take anything except cash in payment. Wheeler and Wilson v. Givan, 65 Mo. 89. (3) An agent's authority cannot be shown by his own declarations. Stove Co. v. Hardware Co., 93 Mo. App. 237. (4) The scope of an agent's authority cannot be shown by his unauthorized declaration or unauthorized acts. Alt v. Groscose, 61 Mo. App. 409. (5) Where an agent acts outside of the apparent scope of his employment, his authority must be shown by other evidence than his acts. McGraw v. O'Neil, 123 Mo. App. 691. (6) A principal does not ratify an unauthorized act of his agent by accepting the benefits thereof, if without his fault conditions are such when he acquires knowledge of the unauthorized act that he cannot be placed *in statu quo* or repudiate the entire transaction without loss. Win-

kleblack v. Bank, 155 Mo. App. 1; Clark v. Clark, 59 Mo. App. 532; Craver v. House, 138 Mo. App. 251, 31 Cyc. 1269. (7) Whoever deals with an agent must inquire into and determine the agent's authority. Kilpatrick v. Wiley, 197 Mo. 123.

*G. W. Barnett* for respondent.

(1) Agency and scope of authority need not be shown by direct evidence but may be inferred from facts and circumstances. Phillips v. Geiser Mfg. Co., 129 Mo. App. 396; Reynolds v. Railroad, 114 Mo. App. 670; Mitchum v. Dunlap, 98 Mo. 418; Hull v. Jones, 69 Mo. 587; Baker v. Thompson, 214 Mo. 500. (2) But if the agent was not originally authorized, yet his principal subsequently ratified the act of the agent. Very slight circumstances may suffice to raise a presumption of ratification. Plumber v. Knight, 156 Mo. App. 321. ratified the act or it may raise a presumption that he did ratify it. Gunning Adv. Co. v. Wannamaker, 115 Mo. App. 270. (3) As soon as the principal discovers that the agent has performed an unauthorized act he must promptly repudiate the act, and must repudiate it as a whole. He cannot adopt the favorable part of the transaction (in this case the retention of the $100, and the old machine) and repudiate that which is unfavorable. Bank v. Lumber Co., 54 Mo. App. 327. Bank v. Lumber Co., 102 Mo. App. 75; State ex rel. v. Harrington, 100 Mo. 170; Nichols v. Kern, 32 Mo. App. 1. (4) Having enjoyed any of the benefits of the transaction and retained them, the principal must take the transaction *cum onere*. McLaughlin v. Produce Co., 153 Mo. App. 508. (5) It is not necessary that we should have had possession of the goods in order that title pass so as to authorize a replevin suit. If we had had possession no suit would have been necessary. We had paid for the machine and it had been segregated—set apart from

all others and shipped to Sedalia for us. If everything is done besides delivery the title passes. As between the parties delivery is not necessary. Tiedeman on Sales (4 Ed.), sec. 84 and 84a, pp. 106-109; Nance v. Metcalf, 19 Mo. App. 183.

ELLISON, J.—Plaintiff resides in Sedalia, Missouri, and defendant is a nonresident manufacturer of automobiles and maintains an agency for their sale in that city. Plaintiff, on September 23, 1911, bought a machine, through this agent, for $1200, to be paid for in this way: Turning in her old machine at $1050, paying $100 in cash and $50 when the new machine was delivered. The defendant company shipped the machine to Sedalia by bill of lading and attached draft for $1100, payable to itself, sent to a Sedalia bank with notation to notify plaintiff. Trouble began immediately to develop by refusal to deliver the machine without payment of the draft. The car arrived in October. On the 28th of October, the agent wrote the defendant at length, stating that the sale was by way of trading in the old machine. It was received by defendant two days later. The agent made a false statement that he could not get the old machine as it was involved in legal proceedings of some kind. On receipt of this letter no repudiation was made of the agent's authority; on the contrary, in a letter of the 30th defendant wrote to the agent of matters which show a continuation of his agency. On October 26th, the bank wrote defendant that plaintiff claimed her old machine was taken as part payment. Then on October 28th the defendant telegraphed the following to a friend in Sedalia: "Sedalia Bank advises that Ilgenfritz claims that he was to have credit for old car. The order from Ilgenfritz properly signed does not make such provision. Please straighten this matter out and advise us full particulars by wire today." Then again defendant telegraphed the bank to

deliver the machine to plaintiff on payment of $860, perhaps being the sum due to it after deducting agent's commisson. Plaintiff tendered the fifty dollars which was to be paid on delivery. In all correspondence by mail or telegraph before the institution of this suit, no disclaimer of the agent's authority to take the old machine as part payment was made. But more than that, the president of the defendant company was in Sedalia after this action was brought and talked over the matter with plaintiff, but at no time repudiated the agent's authority. Lack of authority was a plea not mentioned until the trial.

It may be conceded to defendant that an agent with mere power to sell a commodity for his principal would not have authority to trade new machines for old ones, taking a difference between the two in cash. But the evidence in this case comes close to conclusively showing that whatever the original authority, the agent's acts were ratified by the conduct of defendant after it knew the particular transaction here involved. Instructions on ratification were given for each party. One of defendant's instructions is worded so as to be a concession that the agent's acts were binding in trading for the old machine, if defendant ratified them, and, as we have just said, the evidence is overwhelming, as discolsed by defendant's conduct, that it did ratify them.

Again, defendant kept the hundred dollars cash paid to its agent long after it knew that an old automobile had been taken in part payment. Its duty was to immediately return that money if it meant to repudiate the sale. Counsel, however, urged in argument that defendant could not rescind, since plaintiff took and used the new machine, thereby converting it into a second-hand one, and thereby making it impossible to restore the *status quo*. That, however, will not excuse defendant's conduct *before* plaintiff replevined the machine. This action was not begun until No-

vember 2nd, and defendant knew how the sale was made four or five days prior to this and in neither telegram nor letter did it show any disposition to return or order the return of the money.

It is said in this court that replevin would not lie. There is no merit in the point. Replevin will lie if plaintiff had purchased the machine, as he contends, from an agent who had authority to sell it. Otherwise, though one had paid for goods which had been shipped to him and wrongfully withheld, he would be denied the help of the law to get them.

The action of the court on the instructions was proper, but whether so or not, no specific objection has been made to them; merely a two line statement without specification or authority, that plaintiff's "were on the wrong theory" and defendant's "should have been given."

The judgment was manifestly for the right party, and is affirmed. All concur.